**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway – Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

*Attorneys for Plaintiff, individually and on behalf of all others similarly situated*

| | |
|---|---|
| Franklyn Gonzalez, on behalf of himself and all other persons similarly situated,<br><br>Plaintiff,<br><br>- vs. –<br><br>Imani Management, Inc. and Angel Lavergne,<br><br>Defendants. | DOCKET NO. 22-cv-_____<br><br>**COMPLAINT**<br><br>**COLLECTIVE ACTION** |

Plaintiff Franklyn Gonzalez, by and through his undersigned attorneys, for his complaint against Imani Management, Inc. and Angel Lavergne, on behalf of himself and all other persons similarly situated, alleges as follows:

**NATURE OF THE ACTION**

1. Plaintiff alleges, on behalf of himself and all other similarly situated current and former employees of defendant Imani Management, Inc., who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA") § 216(b), that he is entitled to (i) unpaid wages from defendants for overtime work for which he did not receive overtime compensation pay as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because the defendants' violations lacked a good faith bass.

2. Plaintiff further complains that he is entitled to: (i) back wages for overtime work for which Defendants willfully failed to pay overtime premium pay as required by the New York Labor Law §§ 650 *et seq*. and the supporting New York State Department of Labor regulations (the "NYLL"); (ii) compensation for Defendants' violation of the Wage Theft Prevention Act; and (iii) liquidated damages pursuant to NYLL for these violations.

**THE PARTIES**

3. Mr. Franklyn Gonzalez, ("Plaintiff" or "Mr. Gonzalez") is an adult individual residing in 517 W 184th St, Apt. - Basement, New York, New York, 10033.

4. Defendant Imani Management, Inc. ("Imani") is a New York corporation with a registered business address at 412 Malcolm X Boulevard, New York, New York, 10037.

5. Upon information and belief, and at all relevant times herein, Defendant Imani, owned, managed and/or operated the building located at 517 west 184th Street, New York, New York, 10033, a multi-story building with approximately 21 rental units.

6. At all relevant times herein, Defendants Imani Management, Inc., individually and/or jointly controlled the employment of Plaintiff and was responsible for retaining, firing, scheduling, controlling, managing, supervising, and record-keeping as to Plaintiff's employment, among other employment functions.

7. At all times relevant herein, Plaintiff was employed individually and/or jointly by Defendants.

8. At all times relevant herein, Defendants have been, and continue to be, employers engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. Upon information and belief, at all relevant times, Defendant Imani Management, Inc. has had gross revenues exceeding $500,000.00.

10. Upon information and belief at all relevant times herein, Defendant Imani Management, Inc. has used goods and materials produced in interstate commerce, and has employed individuals who handled such goods and materials.

11. Upon information and belief, at all relevant times, Defendant Imani Management, Inc. constituted an "enterprise" as defined in the FLSA.

12. Upon information and belief, Defendant Angel Lavergne, is the owner or part owner and principal of Imani Management, Inc.; he has the power to hire and fire employees, set wages and schedules, and maintain their records.

13. Defendant Angel Lavergne is involved in the day-to-day operations of Imani Management, Inc. and plays an active role in managing the business.

14. Defendants constituted "employers" of Plaintiff as that term is used in the Fair Labor Standards Act and New York Labor Law.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391, because Defendants' business is located in this district.

## COLLECTIVE ACTION ALLEGATIONS

17. Pursuant to 29 U.S.C. § 206 and § 207, Mr. Gonzalez seeks to prosecute his FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendant Imani Management, Inc. in the United States at any time since June 20, 2019, to the entry of judgment in this case (the "Collective Action Period"), who were employees of defendant Imani Management, Inc., and who were not paid overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18. The Collective Action Members are similarly situated to Mr. Gonzalez in that they were employed by the defendants as non-exempt employees, and were denied payment at the statutory minimum wage and/or were denied compensation overtime pay for hours worked beyond forty hours in a week.

19. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

20. Mr. Gonzalez, and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

21. The exact number of such individuals is presently unknown, but is known by the defendants and can be ascertained through appropriate discovery.

## FACTS

22. Upon information and belief, at all relevant times herein, Defendants were engaged in the business of real estate and building management and ownership.

23. Upon information and belief, at all relevant times herein, Defendants managed, and/or operated numerous buildings located throughout New York City.

24. At all times relevant herein, Defendants employed Mr. Gonzalez as a "super", in which position Plaintiff performed manual work including cleaning the building, sweeping inside and outside and mopping, snow removal and salt spreading on the sidewalk, changing bulbs, taking out and collecting garbage, remove water from the steampipes or valves, plumbing (gas leaks), plaster and compound when ceilings would fall down, snake sewer for toilets, sinks, bathtubs, open doors for tenants when they left their keys inside, and take care of Con Edison employees' access for meter reading, with all of these services performed in Defendant's multi-story building located at 517 W 184th St, New York, NY 10033. Mr. Gonzalez also received calls at night to attend to tenant complaints and issues.

25. Mr. Gonzalez has been employed in such position by Defendants from 2008 until March 5, 2022.

26. During his employment by Defendants, Mr. Gonzalez worked six days per week, from 7 a.m. until 6 p.m., with a one-hour break daily, and Sundays off. Consequently Mr. Gonzalez has been working approximately 60 hours per week during his employment by Defendants. In addition to these hours, he also works on nights and weekends in the event of a tenant complaint.

27. During his employment by Defendants, Mr. Gonzalez was paid $1300 every other week, by check, throughout his employment by the Defendants.

28. During his employment by Defendants, Mr. Gonzalez lived in a basement apartment at 517 W. 184th Street, New York, New York, 10033.

29. Mr. Gonzalez's work was performed in the normal course of Defendants' business, was integrated into the business of Defendants and did not involve executive or administrative responsibilities.

30. At all relevant times herein, Mr. Gonzalez was an employee engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

31. Defendants failed to pay Plaintiff any overtime "bonus" for hours worked beyond 40 hours in a workweek, in violation of the FLSA, and the NYLL.

32. Defendants' failure to pay Plaintiff the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

33. Defendants failed to pay Plaintiff an additional hour's pay (spread-of-hours compensation), at minimum wage, for each shift he worked lasting longer than ten hours from start to finish, in violation of the NYLL.

34. Defendants' failure to pay Plaintiff the spread-of-hours compensation was willful and lacked a good faith basis.

35. Defendants failed to provide Plaintiff with properly compliant paystubs under the New York Labor Law.

36. Defendants failed to provide Plaintiff with a wage acknowledgment notice, upon his hiring or at any time thereafter, in violation of the Wage Theft Prevention Act in effect at the time.

37. Upon information and belief, throughout the period of Mr. Gonzalez's employment, both before that time (throughout the Collective Action Period) and continuing until today, the defendants have likewise employed other individuals like Mr.

Gonzalez (the Collective Action Members and Class Members) in positions at the defendants' buildings that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

38. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members and Class Members, including policies, practices, and procedures with respect to the payment of overtime.

39. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet the defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

40. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

41. Upon information and belief, while the defendants employed Mr. Gonzalez and the Collective Action and Class members, and throughout all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

42. Upon information and belief, while the defendants employed Mr. Gonzalez and the Collective Action members and Class Members, and throughout all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I: Fair Labor Standards Act - Overtime**

43. Plaintiff, on behalf of himself and all Collective Action Members and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

44. At all relevant times, Defendants employed Plaintiff and each of the Collective Action Members and Class Members within the meaning of the FLSA.

45. Defendants had a policy and practice of refusing to pay their employees the correct overtime premiums for hours they worked that exceeded forty hours per workweek.

46. Because of Defendants' willful failure to compensate Plaintiff at a rate at least one-and-one-half times the regular rate of pay for work performed exceeding forty hours per workweek, Defendants have violated the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacks a good faith basis within the meaning of 29 U.S.C. § 260.

48. Due to Defendants' FLSA violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, an additional equal amount as liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action.

**COUNT II: New York Labor Law - Overtime**

49. Plaintiff, on behalf of himself and all Collective Action Members and Class Members, repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

50. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

51. Defendants willfully violated Plaintiff's rights by failing to pay him overtime compensation at rates at least one-and-one-half times their regular rate of pay for each hour worked that exceeded forty hours per workweek, in violation of the New York Labor Law §§ 650 *et seq.* and its supporting regulations in 12 N.Y.C.R.R. § 146.

52. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

53. Due to Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT III: New York Labor Law – Wage Theft Prevention Act**

54. Plaintiff, on behalf of himself and all Collective Action Members and Class Members repeats, realleges, and incorporates by reference the foregoing allegations as if set forth fully and again herein.

55. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

56. Defendants willfully violated Plaintiff's rights by failing to provide him with the wage notices required by the Wage Theft Prevention Act when he was hired, or at any time thereafter.

57. Defendants willfully violated Plaintiff's rights by failing to provide him with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

58. Due to Defendants' New York Labor Law violations relating to the failure to provide paystubs, Plaintiff is entitled to recover from Defendants statutory damages of $250 per day from February 27, 2015 through the present, up to the maximum statutory damages.

59. Due to Defendants' New York Labor Law violations relating to the failure to provide wage notices, Plaintiff is entitled to recover from Defendants statutory damages of $50 per day from February 27, 2015 through the present, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and the New York Labor Law;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

d. An award of liquidated damages as a result of Defendants' willful failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

e. Liquidated damages for Defendants' New York Labor Law violations;

f. Statutory damages for Defendants' violations of the New York Wage Theft Prevention Act;

g. Back pay;

h. Punitive damages;

i. An award of prejudgment and post judgment interest;

j. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

k. Such other, further, and different relief as this Court deems just and proper.

Dated: June 20, 2022

/s/ *Michael Samuel*
Michael Samuel, Esq. (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway – Suite 6085
New York, NY 10018
(212) 563-9884

*Attorneys for Plaintiff*